Vogler agt. World Mutual Life Insurance Company.

# SUPREME COURT.

GEORGE VOGLER, as administrator, etc., of JOHN SCHLICK, deceased, agt. THE WORLD MUTUAL LIFE INSURANCE COMPANY.

*Life insurance company — action for amount of policy and share of profit — pleading — parties.*

Where the defendant, a life insurance company, insured the lives of two persons, with a right to a participation by the survivor in the profit accruing to the business, and it appearing by the complaint that the defendant had made profit in which the plaintiff, administrator of the deceased, was entitled to participate:

*Held,* on demurrer to the complaint, that other policyholders and the stockholders of the corporation, are not necessary parties to an action for the recovery of the amount of the insurance and the plaintiff's share of the profits.

Also, that there was no misjoinder of causes of action in claiming the amount of the insurance, and the share of the profits.

Also, that it was the duty of the corporation, at stated intervals, to ascertain and make entry on their books of the profits of the business, so as to enable the policyholders to ascertain the precise amount of profits coming to them, without a formal accounting.

The relief to which a party may be entitled does not depend so much on the prayer for relief in his complaint as upon the allegations in the pleadings and the proofs on the trial.

*Special Term, January,* 1875.

DEMURRER to complaint.

*Mr. Thompson,* for plaintiff.

*Mr. Prentice,* for defendant.

VAN VORST, *J.* — The complaint in this action alleges that the defendant, in consideration of a premium in money paid therefor, insured the lives of John and Rosina Schlick, in the sum of $2,000, payable upon the death of either of the said parties to the survivor, with participation *by them in the profits* according to the business of the defendant.

That Rosina Schlick died on the 7th day of August, 1874, and John Schlick on the 14th day of September, following, intestate, and that the plaintiff· has been appointed sole administrator.

That the defendants have made certain profits in their business, in which the plaintiff, as such administrator, as aforesaid, is entitled to participate, under the terms of the policy, the amount of which is not known to him.

The defendants demur to the complaint, setting up grounds of demurrer as follows :·

First. That there is a defect of parties plaintiff in· the omission of the other policyholders and stockholders of the defendants, and that the action is not brought in behalf of all others interested.

Second. That there is a defect of parties defendant, in that the stockholders of the defendants are not joined.

Third. That several causes of action have been improperly united, the one being a money demand on contract, and the other a claim for an accounting of the business and profits of the defendants.

Fourth. That as to the second cause of action, it does not set forth a sufficient cause therefor.

In respect to the first and second grounds. of demurrer, it may be observed that there is no allegation in the complaint that there are others who are entitled to any part of the relief demanded by the plaintiff, or at all interested in the subject-matter, except the defendants, in whose profits the plaintiff claims a participation.

It does not appear that there are any other policyholders who had any right to participate in profits; and although

there should in fact be such, I cannot think that their presence is at all necessary in order to ascertain the amount the plaintiff will be entitled to recover, or the relief which should be awarded to him upon the admitted facts.

The fact that there are profits to a share of which the plaintiff is entitled is conceded by the demurrer.

The amount of these profits and the share of the plaintiff therein will certainly and definitely appear by the books of the defendants. In regard to stockholders, they are fully and completely, for the purposes of this action, represented by the corporation, of which they are members. The business is managed by the officers of the corporation, who are the agents of the stockholders. The presence of the latter as parties defendant would be neither necessary nor proper.

It would be an intolerable burden to the policy-holder if, before a recovery could be had, where the liability under the policy is admitted, all other policyholders and the stockholders should be required to be brought in as plaintiffs or defendants.

If that is necessary, the privilege of participation in profits contained in the policy is a delusion, and a source of difficulty rather than an advantage; and the holder of a small insurance might rather abandon his claim than undergo the annoyance and expense of an action to enforce its collection.

Nor in this view is there any misjoinder of causes of action. The plaintiff is entitled to recover in one action, precisely what the policy promises, the amount of the insurance and the portion of profits to which the deceased was entitled.

Nor for the purpose of ascertaining the proportion of profits that the plaintiff is entitled to recover, is any accounting between the parties necessary.

The corporation by whom the profits were earned, is presumed to keep a full and correct account of its receipts and disbursements.

These are the elements of the account, out of which the profits have arisen. The books of the corporation should,

and presumably do, show the amount of the profits, and the plaintiff's share thereof. The result would be in the nature of a dividend.

It would be the duty of the defendants, at stated occasions, to ascertain and make entry on the books of such profits of their business earned, and they are presumed to have discharged such duty in a proper manner, and so as to enable the policyholder interested in profits to ascertain the correct amount coming to him, without a formal accounting, in the ordinary acceptation of that term.

The averment in regard to profits is sufficiently stated in the complaint.

The relief to which the plaintiff will in the end be entitled will be determined, not so much by the language of the prayer of his complaint as by the allegations and proofs by which they may be sought to be sustained, and if there can be no complete determination of the action without the presence of other parties, when that fact appears they may be brought in.

There should be judgment for the plaintiff on the demurrer, with costs.